UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                          Plaintiff,<br>v.<br>DIEGO COSME TERRAZAS,<br>                          Defendant. | Case No.: 25-cr-2015-WQH<br><br>**ORDER** |

HAYES, Judge,

     The matter before this Court is the Application for Order to File Documents Under Seal, submitted by Defendant Diego Cosme Terrazas.

     "The right of access to criminal trials is generally protected by both the First Amendment and the common law." *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) (citation omitted). "[T]here is a First Amendment right of access to pretrial documents in general." *Id*. at 1179 (quotation omitted). "This right can only be overcome by an overriding interest that closure is narrowly tailored to serve that interest." *Id*. at 1178 (quotation omitted). "A separate, common law right to inspect and copy public records and documents, including judicial records and documents also exists. This right, however, does not apply to documents that have traditionally been kept secret for important public policy reasons." *Id*. (quotation omitted). "Where a presumptive right of access under the common law arises, that presumption can be overcome only by a showing of a compelling reason." *Id*. at 1178-79 (quotation omitted).

| | |
|---|---|
| 1 | Specifically, "[t]he public has a qualified right to access" filings and court proceedings related to a Defendant's guilty plea and "cooperation" with the government. *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). "This qualified right can be overcome if '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id*. (quoting *Oregonian Pub. Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)). If there is "a substantial probability that unsealing the information contained therein will endanger … people," then a court should allow the filing party the opportunity "to redact these documents." *Id*. at 1029. |

The Application for Order to File Documents Under Seal requests the sealing of the entirety of Defendant's Sentencing Memorandum "because the sentencing memorandum contain sensitive topics such as [Defendant's] involvement in the offense and fears for his safety" and "[i]t also contains reference to information disclosed to meet requirements of [1]8 U.S.C. § 3553(f)." The Court has reviewed the Defendant's Sentencing Memorandum, which discusses the following topics: details of Defendant's life in Mexico; statements about Defendant being "remorseful for having committed the instant offense and has taken the appropriate steps to learn from his mistakes"; Defendant's "strong support network and re-entry plan"; the "the circumstances as to why he committed the offense and apply a variance under 18 U.S.C. §3553(a) for those reasons"; and Defendant's "minimal role in the offense and requests this court to grant him a 4- level adjustment under §3B1.2(a)." The majority of the Sentencing Memorandum does not address "sensitive topics such as [Defendant's] involvement in the offense and fears for his safety" and the "requirements of … § 3553(f)." Defendant also seeks to seal exhibits to his Sentencing Memorandum containing certificates of completion of coursework while in pretrial custody. Defendant has failed to offer *any* basis to seal these portions of the Memorandum unrelated to the "sensitive topics" he identifies, let alone offer a compelling basis. *See In re Copley Press*,

1  518 F.3d at 1028. For this reason alone, the Application for Order to File Documents Under
2  Seal must be denied as overbroad.
3     Moreover, the fact that the parties contend that Defendant is eligible for "safety
4  valve" and he played a "minimal" or "minor" role in the offense is evident from the parties'
5  Sentencing Summary Charts, which were filed on the public docket. (ECF Nos. 31, 33.) It
6  is not apparent to the Court that there is "a substantial probability that unsealing the
7  information contained [in the Sentencing Memorandum] will endanger … people," or
8  otherwise create "a substantial probability that, in the absence of closure, [any] compelling
9  interest would be harmed." *In re Copley Press*, 518 F.3d at 1028, 1029. However, the Court
10 will deny the Application for Order to File Documents Under Seal without prejudice to
11 refiling the motion with narrowly tailored redactions and a more substantial showing that
12 the appropriate legal standard for sealing has been satisfied.
13     IT IS HEREBY ORDERED that the Application for Order to File Documents Under
14 Seal is denied without prejudice to refile.
15 Dated:  December 5, 2025

Hon. William Q. Hayes
United States District Court